IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHERRY MARIE LAURENZA,           )
                                 )
              Plaintiff,         )
                                 )
     v.                          )
                                 ) Civil Action No. 13-664
CAROLYN W. COLVIN,               )
ACTING COMMISSIONER OF           )
SOCIAL SECURITY,                 )
                                 )
              Defendant.         )

OPINION

AND NOW, this 30th day of September, 2014, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, IT IS ORDERED that the Acting Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB application on October 26, 2010, alleging disability beginning on March 5, 2010, due to fibromyalgia, depression, back injury, sacroiliac joint dysfunction and arthritis. Plaintiff's application was denied. At plaintiff's request, an ALJ held a video hearing on November 9, 2011, at which she testified while represented by counsel. On February 21, 2012, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 15, 2013, making the ALJ's decision the final decision of the Acting Commissioner. The instant action followed.

Plaintiff, who has a high school education, was 40 years old on her alleged onset date of disability, and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has past relevant work experience as a hair stylist and a hair salon manager, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ first found that the medical evidence established that plaintiff suffers from the severe impairments of right and left sacroiliac joint dysfunction, back pain, ecchymosis, migraine disorder, headaches, status post motor vehicle accident, uterine and ovarian cysts, allergy syndrome, fibromyalgia, depressive disorder and anxiety; however, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ next found that plaintiff retains the residual functional capacity to perform sedentary work with a number of additional limitations. Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, but she must avoid climbing ladders, ropes and scaffolds. In addition, plaintiff must have the option to stand for five minutes after every one-half hour of sitting. Further, plaintiff must avoid exposure to extreme heat or cold, wetness, humidity, smoke, fumes, odors, gases, poor ventilation, flashing lights, more than moderate noise and hazards such as heights or machinery. Finally, plaintiff is limited to simple, routine and repetitive tasks, simple work-related decisions, infrequent changes in the work setting (defined as no more than once per week) and only occasional interaction with co-workers, supervisors and the general public (collectively, the "RFC Finding").

The ALJ concluded that plaintiff is unable to perform her past relevant work because it exceeds her residual functional capacity. However, based upon testimony by a vocational expert, the ALJ determined that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as an addresser, document preparer and table worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §423(d)(2)(A).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national

economy, in light of her age, education, work experience and residual functional capacity.[1] 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ erred at step 5 because: (1) he improperly weighed the opinions of plaintiff's treatment providers; (2) he improperly evaluated plaintiff's credibility concerning her subjective complaints of pain; and (3) the hypothetical question to the vocational expert did not account for plaintiff's limitations in using her hands. The court finds that each of these arguments lack merit.

Plaintiff first argues that the ALJ improperly weighed the opinions of Dr. Franklin Bizousky, her primary care physician, and Dr. Frederick Murphy, her treating rheumatologist, as well as the opinions of William Young, who completed a psychological evaluation of plaintiff, and Edward Jarrett, a physical therapist who performed a functional capacity evaluation. Contrary to plaintiff's position, the ALJ's decision makes clear that he thoroughly considered the opinions rendered by her treatment providers, but concluded they were not entitled to controlling weight for legally sufficient reasons. (R. 43-44).

First, the ALJ properly evaluated the opinion of Dr.

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider her ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

%AO 72
(Rev. 8/82)

Bizousky, who stated on an employability assessment form for the Pennsylvania Department of Public Welfare that plaintiff was disabled. (R. 399). As an initial matter, whether plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant because another agency's determination regarding disability is not binding on the Acting Commissioner of Social Security. See 20 C.F.R. §404.1504. Moreover, a treating physician's opinion is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §404.1527(c)(2). As the ALJ explained, that standard was not met here because Dr. Bizousky did not provide any explanation on the state welfare form to support his opinion of disability, and it was inconsistent with other record evidence concerning plaintiff's functional capabilities. For these reasons, the ALJ properly determined that Dr. Bizousky's opinion was not entitled to controlling weight. (R. 43).

The ALJ likewise correctly evaluated Dr. Murphy's opinion and concluded that it was not entitled to controlling weight. Dr. Murphy stated, ". . . it is unlikely that [plaintiff's] fibromyalgia syndrome will respond to any other therapeutic interventions and therefore it is unlikely that [plaintiff] will be able to resume her normal activities of daily living at this juncture." (R. 420). The ALJ explained that he discounted Dr. Murphy's opinion because not all treatment options were exhausted

before Dr. Murphy concluded that plaintiff's fibromyalgia was unlikely to improve. (R. 44). The ALJ's assessment is well founded because Dr. Murphy only examined plaintiff twice before rendering his opinion. See 20 C.F.R. §404.1527(c)(2)(i) and (ii) (recognizing that the length, nature and extent of the treatment relationship are factors to consider in weighing medical opinions).

Next, the ALJ appropriately considered and weighed William Young's psychological evaluation of plaintiff. The record reflects that plaintiff met with Mr. Young two times before he issued an opinion that she would be unable to meet competitive standards in certain work-related areas and likely would miss work more than four days per month. (R. 489, 493-94). As the ALJ accurately noted, Mr. Young's opinion was not entitled to controlling weight because he had no established treatment relationship with plaintiff, and it was inconsistent with other record evidence. (R. 43).

Finally, plaintiff's contention that the ALJ did not give appropriate weight to the opinion of Mr. Jarrett, a physical therapist, also is without merit. The ALJ must consider all relevant evidence from "acceptable medical sources," which include licensed physicians, psychologists, optometrists and podiatrists, as well as qualified speech pathologists. See 20 C.F.R. §404.1513(a). The ALJ also may consider other opinions about a claimant's disability from individuals who are not deemed an "acceptable medical source," such as a physical therapist like Mr.

AO 72
(Rev. 8/82)

Jarrett. See 20 C.F.R. §404.1513(d)(1) (stating that the Acting Commissioner may use evidence from "other sources" including, inter alia, medical sources such as therapists). Although the ALJ may consider the opinion of one who is not an acceptable medical source, that opinion is not entitled to controlling weight. See Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999) (recognizing that evidence from "other sources" is not entitled to controlling weight). Moreover, as the ALJ found here, Mr. Jarrett's opinion was inconsistent with other record evidence, including a prior functional capacity evaluation which indicated that plaintiff did not put forth maximum or consistent effort during testing. (R. 303).

Plaintiff next argues that the ALJ improperly evaluated her subjective complaints of pain resulting from fibromyalgia. Contrary to plaintiff's assertion, the ALJ correctly determined that plaintiff's severe impairments, including fibromyalgia, caused pain and other limitations, which he accounted for in the RFC Finding, but concluded that her claim of total debilitating pain was not entirely credible. (R. 41).

In evaluating plaintiff's credibility, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including plaintiff's own statements about her symptoms, her activities of daily living, the medical evidence, the nature of her medication and the extent of her treatment, and opinion evidence from her treatment providers. See 20 C.F.R. §§404.1529(c)(1)-(c)(3); Social Security Ruling 96-7p.

The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disabling limitations. Accordingly, the ALJ determined that plaintiff's testimony regarding her pain and limitations was not entirely credible. (R. 41). This court finds that the ALJ adequately explained the basis for his credibility determination, (R. 40-44), and is satisfied that such determination is supported by substantial evidence.[2]

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert did not account for limitations in using her hands which were identified by Edward Jarrett in his functional capacity evaluation. Plaintiff's argument is without merit.

An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). As discussed above, the ALJ found that Mr. Jarrett's opinion was not entitled to controlling weight, thus the ALJ was not obliged to incorporate his findings into the hypothetical question.

---

[2]An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999).

AO 72
(Rev. 8/82)

The ALJ's hypothetical did, however, incorporate all of plaintiff's functional limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform work that exists in the national economy.

In conclusion, after carefully considering all of the evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Acting Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Mary L. Pothoven, Esq.
    Law Office of Querino R. Torretti
    600 Main Street
    P.O. Box 218
    Reynoldsville, PA 15851

    Paul Kovac
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219